414 So.2d 835 (1982)
Dr. Kyle HAMM
v.
SOUTHEAST LOUISIANA EMERGENCY MEDICAL SERVICES COUNCIL, INC., and Robert Betz.
No. 5-4.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
*836 Parlongue & Riegel, Philip R. Riegel, Jr., New Orleans, for Dr. Kyle Hamm, plaintiff-appellee.
Lawrence J. Fritz, Metairie, for Southeast Louisiana Emergency Medical Services Council, Inc., defendant-appellant.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Defendant Southeast Louisiana Emergency Medical Services, Inc. (Emergency Medical Services), appeals a district court decision in favor of plaintiff, Dr. Kyle Hamm, and against this defendant ordering it to pay $8,190 plus interest from the date of judicial demand, which represents the amount of unpaid rents for the remaining term of the lease entered into by the parties. It was further decreed that the defendant was condemned to pay $1,228.50 in attorney fees and the costs of the proceedings.
The subject lease in this case, which is part of the record, bears the names of Dr. Kyle Hamm as lessor and Robert Betz, "d/b/a Emergency Medical Services Council", as lessee. The term of the lease, which was for professional office space, was for two years, commencing on August 15, 1977 and ending on August 14, 1979. The rental was specified as $630 per month.
Dr. Hamm testified at trial that after the execution of the lease Emergency Medical Services posted a sign in front of the building, had a secretary answering the office phone by giving that name, used stationery with that name on it and continued to pay the rent through June of 1978. He added in July of 1978 he received a communication written on behalf of the defendant stating it intended to vacate the premises. In this letter, also part of the record, Emergency Medical Services disclaimed liability in regard to the lease and served formal notice of vacating as of August 15, 1978.
Part of the evidence presented was a document evidencing the incorporation of Emergency Medical Services as of August 1, 1977. The articles of incorporation listed Robert B. Betz as the corporation's registered agent for service of process and also as an incorporator, but he was not listed as a member of the board of directors.
Henry Trapani, who was vice president of Emergency Medical Services at the time of trial, stated that Betz was the executive director, therefore an employee, of the corporation. He added the subject lease was never ratified formally by the board of directors and that Betz was not authorized to contract for the corporation.
In his reasons for judgment the trial judge found that by using the premises as stated in the lease and making numerous monthly payments for the premises, the corporation tacitly ratified the actions of Robert Betz and, therefore, would be held liable for the remaining rental payments, as well as attorney fees and court costs (as provided for in the lease). Defendant, however, argues on appeal that the corporation was only in effect a sublessee, and mere occupancy by a sublessee does not create a lease arrangement between the sublessee and the landlord.
In the case of Illinois Cent. R. Co. v. International Harvester, 368 So.2d 1009 (La. 1979), the lessee did not obtain written or *837 express permission from the lessor before subletting the premises and converting it into a parking garage. The issue presented to the court in that case was whether the lessor, by its silence or inaction, had impliedly assented to the sublease and altered use of the premises. The court noted that the Civil Code and the statutes do not provide that any legal presumption of consent shall arise from a lessor's silence and acceptance of rent. It also said, however, that in cases where the law does not expressly create a legal presumption of consent from certain facts, it is left to the discretion of the trial judge to determine if consent is to be implied from the particular circumstances of the case, citing LSA-C.C. art. 1818 and Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La.App. 1st Cir. 1971). The Court in the Illinois Cent. R. Co. case found there was no showing the lessor unequivocally consented to modify the subject lease, and it was within the discretion of the trial judge to conclude there was not consent implied.
In the case of Smith v. Trippe Motors, 193 So. 603 (La.App.2d Cir. 1939), cited by the plaintiff as well as the district court judge, the court addressed the issue presented in the instant case and concluded that the continued occupancy of the premises and the payment of rent from corporate funds fastened upon the corporation the status of lessee as fully and completely as would be the case had formal action of its board of directors authorized the making of the lease for it. It also noted that the corporation, according to the petition, had reaped the benefits of the contract, whereunder it had the right to use and occupy the premises as lessee, and therefore the court refused to let it be heard to gainsay that by its acts and deeds above related it had not fully ratified and approved the contract. The court continued that it was too late to repudiate the action of the person through whose agency the property was occupied by the defendant, citing Fudickar v. Glenn, 237 F. 808 (5 Cir. 1916); Poche v. New Orleans Home Inv. Co., 52 La.Ann. 1287, 27 So. 797 (1900); and other cases.
We agree with the trial judge that the acts of the corporation in the present case, through its board of directors, was a tacit ratification of the lease signed in its behalf by Betz. We also hold that due to the circumstances of the case the district court judge was within his discretion in finding implicitly that the corporation through its board of directors consented to the lease tacitly. Attorney fees, as provided for in the lease, as well as costs, were properly awarded by the trial court.
For the reasons assigned the trial court judgment is affirmed.
AFFIRMED.