488 So.2d 328 (1986)
James HOLLOWAY, Plaintiff-Appellee,
v.
ACADIAN NEWS AGENCY, INC. and Trent Angers, Defendants-Appellants.
No. 85-434.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*329 W. Thomas Angers, Lafayette, for defendants-appellants.
Carey Menard, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX and YELVERTON, JJ., and JACKSON, J. Pro Tem.[*]
YELVERTON, Judge.
Trent Angers and Acadian News Agency, Inc., defendants in a suit for rent and sequestration, appeal a judgment against them in favor of James Holloway, lessor, for rent due in the amount of $5,000 with legal interest, attorney's fees of $750, and recognition of the lessor's privilege. The defendants also appeal the rejection of their motion to dissolve the sequestration, as well as adverse rulings in their reconventional demand. Defendants raise several assignments of error. Except to reduce the judgment by $329, we affirm.
The parties entered into a written lease on October 21, 1983, for part of a building in an area known as the "Oil Center" in the City of Lafayette. The lease was for one year payable in monthly installments of $679. The lessor was James R. Holloway. The lessees were Acadian News Agency, Inc., and Trent Angers, publisher. After taking possession of the leased premises Angers moved equipment into the building and published Acadiana Profile magazine and other publications.
The defendants began to fall behind on the rent and on November 15, 1984, Holloway filed suit for past due rent and asked for and obtained a writ of sequestration. Although the amount of past due rent was allegedly over $5,000, the petition was limited to that amount to be within the jurisdictional limits of the City Court of Lafayette, where suit was filed. The city marshall, acting under the authority of the writ of sequestration, seized and caused to be stored several movables on the premises related to the publishing business. Plaintiff Holloway was appointed keeper.
Defendants filed a reconventional demand and a rule to dissolve the writ of sequestration. These pleadings contested the amount of the unpaid rent, contested whether both Angers and the corporation were bound for the rent, raised questions of whether the writ was properly issued, attacked the propriety of the seizure of defendant Angers' "tools of trade", and demanded damages for a wrongful seizure. On this appeal for the first time appellants also attack the constitutionality of the Louisiana writ of sequestration laws as applied to the seizure of a journalist's tools of trade, arguing that this is a violation of the First Amendment of the United States Constitution.
The trial judge found for plaintiff, and rejected all of appellants' claims and demands. We find no merit to any of the assignments of error, for reasons which we will hereinafter explain.
RENT QUESTIONS
Defendants contested the amount of rent past due unsuccessfully at trial, but we find an error of $329, consisting of a part payment check dated August 17, 1984, that appears in defendants' exhibits and was also acknowledged in Mr. Holloway's testimony. This check does not appear in appellee's calculations, either during the trial or in the brief on appeal. As stated earlier, appellee sought only $5,000, the jurisdictional maximum, which is what the trial court awarded. The actual balance proved owed, however, was $4,799, and the judgment will be amended accordingly.
*330 Appellants' other attacks on the amount of the judgment, however, are without merit. One argument was that there occurred a novation, "the extinguishment of an existing obligation by the substitution of a new one." La.C.C. art. 1879, formerly C.C. art. 2185. The evidence the appellants offered to show a novation was in fact only an exchange of correspondence regarding a schedule of payments of past due rent. Novation may not be presumed; the intention to extinguish the original obligation must be clear and unequivocal. La. C.C. art. 1880, formerly article 2190. There was no intention to extinguish the original obligation. We agree with the trial judge that a novation did not occur.
The other attack on the obligation for rent was that there was a defect in the leased premises of a magnitude sufficient to entitle defendants to terminate the agreement. The trial court, however, found the defect (a woodstrip with tacks or small nails protruding) was not the reason rent was not paid. The trial court found that the reason rent was not paid was the financial inability of Acadian News Agency, Inc., to meet its monthly obligations. This argument likewise has no merit.
WHO WAS BOUND?
The trial judge rendered judgment in solido against both Trent Angers and the corporation, Acadian News Agency, Inc. These defendants now argue that it was their intent to bind only Angers. Testimony was admitted on this issue because the lease itself was ambiguous. The lease recited that it was between Holloway as "landlord" and "Acadian News Agency, Inc. a corporation represented by Trent Angers, publisher, and the said Trent Angers" as "tenant". At the end of the lease, the signature of the tenant was recited to be "its corporate name by its duly authorized officers", but there followed the signature of Trent Angers, apparently in an individual capacity only.
Incongruously, Angers testified that it was his desire originally that only the corporation be bound under the lease, but that when he signed it he knew that he, too, was being bound. He testified that he was the president of the corporation, that he was the publisher and editor of the magazine put out by the corporation, and that he was the principal owner of the stock.
We are not certain as to what is the basis for the present contention that the corporation was not a lessee. Angers, its president and major stockholder, never denied that it was. Most of the rent checks were drawn on the corporate bank account. Its name was on the door. The movable property on the leased premises was owned by it. It got the benefit of the lease for over a year. It was named on the lease instrument as a lessee. Even though there is in evidence no corporate resolution authorizing the lease, there is abundant other proof that the corporation consented to or at least ratified the lease, and it is, accordingly, bound. See Hamm v. Southeast Louisiana Emergency Medical Services Council, Inc., 414 So.2d 835 (La.App. 4th Cir. 1982).
TOOLS OF TRADE
Appellants argue that the movables seized under the order of sequestration, consisting of a composing machine, typewriters, and other items necessary for the publishing business, were the "tools of trade" of Trent Angers, and therefore exempt from seizure under La.C.C. art. 2705 and La.R.S. 13:3881. According to appellant's brief, this argument subsists regardless of whether the seized property was owned by Angers personally or by the corporation. The trial court found that all the sequestered property was owned by the corporation, and that a corporation cannot claim the benefit of the "tools of trade" exemption found in Civil Code article 2705. We agree.
Article 2705 grants a lessor, for the payment of his rent a right of pledge on the movable effects of the lessee, which are found on the property leased. The article provides an exemption, however, in this language:

*331 "But the lessee shall be entitled to retain, out of the property subjected by law to the lessor's privilege, his clothes and linen, and those of his spouse and family; his bed, bedding and bedstead, and those of his spouse and family; his arms, military accoutrements, and the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family; one cooking stove and utensils of said stove; plates, dishes, knives, forks and spoons; all pots, pans and other cooking utensils; one dining table, and dining chairs necessary for himself and family."
See also La.R.S. 13:3881(A)(2), which exempts from seizure the property of a debtor "necessary to the exercise of a trade, calling, or profession by which he earns his livelihood."
In support of their respective arguments that the exemption is or is not available to a corporation, appellants cite no case, and appellee cites none from this century. The point has not been litigated apparently because the law is clear. That the exemption applies to a natural person, and not a legal person, is clear from the language of the law and its purpose. To extend its application to business corporations would result in an absurdity, for all of the property of a business corporation might qualify as tools of trade, making none of its property subject to seizure for debts. We find no error in this ruling of the trial court.
OTHER ARGUMENTS
Defendants argued several other issues in support of their demands for damages based on a wrongful seizure. Among these was the contention that the affidavit and other pleadings based on which the writ of sequestration was ordered were defective. The defects were argued in vague generality, but we have examined these pleadings, and find no defects in them. The writ of sequestration was properly issued. Defendants also contend that too much property was seized. This contention is not efficacious because the evidence supports a finding that the value of the property seized was not equal to the unpaid rent.
THE CONSTITUTIONAL ISSUE
Defendants claim that the sequestration laws of this state as applied to the seizure of a journalist's tools of trade, are in violation of the First Amendment of the United States Constitution.
This issue was not raised in the trial court. A constitutional issue may not be raised for the first time on appeal. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984). This argument will not be considered.
DECREE
For these reasons, the judgment of the trial court is amended so as to reduce the judgment of $5,000 to $4,799. In all other respects, the judgment of the trial court is affirmed. The costs of this appeal will be borne equally by appellants and appellee.
AMENDED AND AFFIRMED.
NOTES
[*] Judge Robert P. Jackson of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.