539 So.2d 864 (1989)
Lawrence G. RINGHAM and Carlo C. Christina
v.
COMPUTERAGE OF NEW ORLEANS, INC., D/B/A Micro Age of New Orleans, Inc.
No. 88-CA-1548.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
*865 Robert L. Redfearn, John C. Hebert, Tracy R. Bishop, Simon, Peragine, Smith & Redfearn, New Orleans, for plaintiffs-appellees.
Larry M. Roedel, Roedel, Parsons & Duplechain, Baton Rouge, for defendant-appellant.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Plaintiffs, owners of a building at 336 Camp St., leased the ground floor to defendant. On November 30, 1987 plaintiff filed suit for past and accrued rentals and obtained a writ of sequestration ordering the sheriff to seize the contents of the premises. The sheriff made the seizure and after a trial plaintiffs obtained a judgment with a recognition of their lessor's privilege over the seized items. Defendant has appealed.
This was a five year lease of the ground floor of building commencing on March 1, 1985. For some time prior to the date of the seizure defendant had repeatedly been late with its rental payments.
However, while plaintiffs had sent numerous default letters to defendant, they had not previously resorted to legal action. On November 30, 1987 defendant owed rent for October and November in the total sum of $6,300 and it would owe an additional $3150 on the next day.
On Friday, November 27, plaintiffs' agent received an anonymous message that defendant was in the process of moving out of the leased premises. This triggered the filing of the suit on Monday and the seizure by the plaintiff of the premises designated as suite 100, 336 Camp St. When the sheriff arrived there he found the leased premises partially empty and three employees of defendant loading equipment from the leased premises into two moving vans parked in the rear of the building. He ordered the vans unloaded and placed everything under seizure. The next day the deputy learned that defendant was moving equipment from another part of the ground floor of 336 Camp Street designated as suite 150. When he arrived at the premises he found a moving van being loaded as reported and when he arrived the van was driven off. Two deputies chased it, placed it under seizure and had the contents unloaded and returned to Suite 150.
The leased premises are described in the lease as the entire ground floor designated as Suite 100. The ground floor leasable area is divided by a common area consisting of lobby and elevators. The writ of sequestration ordered the seizure of everything in the leased premises consisting of the ground floor and designated as Suite 100. The record supports the inference that defendant unilaterally designated one side of the floor as Suite 150 and left the other side as Suite 100. For this reason, the sheriff made the initial seizure only of Suite 100 but later realized that the writ applied also to the area defendant designated as Suite 150.
In this court defendant's principal argument is that plaintiffs' suit was premature in that they failed to give notice of defendant's default and to allow defendant five days to remedy the default as required by the lease. However, this argument overlooks the "Abandonment" clause in the lease which provides as follows:
In the event the Leased Premises are abandoned by Lessee, Lessor shall have the right, but not the obligation to relet same for the remainder of the term provided for herein. Removal of all, or substantially all of the furniture or contents; or unoccupancy by Lessee for ten (10) consecutive days shall constitute "abandonment" as defined herein. In the event of such abandonment, Lessee waives and relinquishes all rights to possession, and authorizes Lessor to re-enter without notice and without liability. Nothing herein shall be construed as in any way denying Lessor the right in event of abandonment or other breach of this agreement, to treat same as a default of this agreement and to pursue all its remedies as provided herein and by law.
On November 30 the sheriff found Suite 100 practically empty, the contents already *866 loaded into two moving vans. The following day he discovered that defendant's employees were moving the contents from Suite 150. Under the quoted terms of the lease this constituted abandonment of the premises and authorized plaintiffs to sue for the accrued rent for the unexpired term of the lease and seize the contents to secure their claim. Defendant's employees admitted they were moving the contents but stated that they had no intention to abandon the premises. They testified that they had decided to change their operation from a retail outlet to a base from which sales would be made at customers' offices. Irrespective of what their intentions may have been they did not advise plaintiffs of them and from plaintiffs point of view defendant's actions clearly gave plaintiffs the right under the lease to take immediate action without notice to defendant.
Defendant next argues that the writ of sequestration was defective in that it directed the sheriff to seize the contents of Suite 100 whereas the sheriff seized the contents of Suite 150 as well. The writ ordered the seizure "all of the movables located in the leased premises described as `Ground Floor, Suite 100, C & R Building, 336 Camp Street...."' This tracked the language of the lease which when executed expressed the understanding and intentions of the party to encompass all of the leasable space on the ground floor under one address, Suite 100. That defendant subsequent to the execution of the lease and the commencement of its occupancy of the premises unilaterally designated a portion of the premises as Suite 150 could not deprive plaintiffs of their rights under the lease with respect to all of the leased premises and would not require plaintiffs to adopt this new address created by defendant in judicially enforcing the rights.
Finally, defendant contends that plaintiffs wrongfully seized their property because it was "property necessary to the exercise of a trade, calling, or profession by which he [the debtor] earns his livelihood...." exempt from seizure under the provisions of LSA-R.S. 13:3881. This exemption applies to a natural person, not a legal one, such as a corporation. Holloway v. Acadian News Agency, Inc., 488 So.2d 328 (La.App. 3rd Cir.1986). We do not believe that the legislature intended to apply this exemption to the inventory of a retail business corporation such as defendant.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.