605 A.2d 956

**SCHUMACHER & SEILER, INC.**

v.

**FALLSTON PLUMBING, INCORPORATED, et al.**

No. 1075, Sept. Term, 1991.

Court of Special Appeals of Maryland.

May 5, 1992.

Andrew M. Croll (Robert Allen Sapero, Alan R. Engel and Sapero & Sapero, on the brief), Baltimore, for appellant.

No brief or appearance by appellees' counsel.

Argued Before ALPERT, CATHELL and DAVIS, JJ.

ALPERT, Judge.

This case presents a single issue of statutory interpretation: whether state law that exempts from levy certain kinds of property is limited in application to individual debtors only or whether the law also protects corporate debtors. For the reasons elaborated herein, we hold that the exemption is available only to individual debtors.

Schumacher & Seiler, Inc., the appellant, obtained a default judgment in the amount of $34,729.53, plus $13,150.05 in attorney's fees and court costs, against Fallston Plumbing, Inc., the appellee.[1] Schumacher & Seiler thereupon filed a Request for Writ of Garnishment, which was issued and served against Commercial Bank. Commercial Bank

---

1. Both appellant and appellee are Maryland corporations.

filed a plea of Garnishee confessing that they held Fallston Plumbing funds in the amount of $1,209.56.

Fallston Plumbing filed a Motion to Exempt Property from Execution, electing to exempt from execution the Commercial Bank funds. Schumacher & Seiler filed a response, alleging that the exemption claimed is available to individuals only, and not to corporations.

A hearing on Fallston Plumbing's motion to exempt property from execution was held in the Circuit Court for Harford County, Whitfill, J., presiding, and on June 17, 1991, the court entered an order releasing from garnishment the disputed funds. In making its determination, the court indicated that:

> Since there is no case law on the point, it appears to me it's one of statutory interpretation, and that the statute is clear on its face. It says that the property of a certain description is exempt, and it does not attempt to qualify the nature of the debtor in any way.
>
> I feel that to include a provision that says, "provided the debtor is an individual and not a corporation" is reading new language into the statute. There is no ambiguity in the statute, and the plain meaning of the words include this Defendant. The results are not irrational or illogical.
>
> I will agree that several items listed between 1 and 5 [of the statute] could only be held by individuals. On the other hand, tools, books, instruments, et cetera, for the practice of a trade or profession, could be held by an individual or could be held by a corporation. Certainly, cash can be held by the individual or corporation.[2]

Schumacher & Seiler now appeals, and asks:

---

**2.** In fairness to the learned trial judge, we note that the extensive legislative history set forth in Schumacher and Seiler's brief does not appear to have been presented to the court below. Fallston Plumbing neither filed a brief nor appeared at oral argument.

May a corporate debtor avail itself of a statutory exemption from execution which was drafted pursuant to an intent to aid individuals?

It argues that the section of the Maryland constitution protecting debtors, and a similar provision in the Courts and Judicial Proceedings Article, indicate the General Assembly's intent to provide exemptions from execution to individuals only, and not to corporations.

■ The Constitution of Maryland, Article III, section 44 mandates that: "[l]aws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor." Accordingly, Maryland Rule 2–643(d) provides that "[b]y motion filed within 30 days after a levy, the judgment debtor may elect to exempt from execution of the judgment selected items of property or cash not exceeding in amount the cumulative value permitted by law." The Courts and Judicial Proceedings Article, section 11–504(b)(5) (1989) sets the limit:

[c]ash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

Schumacher & Seiler concedes that on its face, section 11–504(b) does not distinguish individual debtors from corporate debtors. Nevertheless, it argues that the items specified in the statute for exemption from execution demonstrate the legislature's intent to protect individuals and not corporations, because they exclusively benefit individual creditors. For example, the statute variously exempts "tools of the trade," monies payable in the event of personal catastrophe, health aids, and personal, household, and family goods. *See* Md.Cts. & Jud.Proc.Code Ann. § 11–504(b)(1)–(4) (1989).

Schumacher & Seiler also cites 1851 constitutional convention debates that suggest that the debtor referred to in the constitution is limited to individuals. See 1 *Debates and*

*Proceedings of the Maryland Reform Convention to Revise the State Constitution* (1851). The proceedings abound with references to individuals, whereas any reference to corporations is conspicuously absent. The proposed constitutional provision "was to benefit the poorer class of our citizens," but the debate focused upon whether specifying a dollar amount for exemption might actually harm those the provision was intended to protect. One delegate expressed this concern: "If this proposition was agreed to, it would be impossible for a poor man to get any credit; and credit was as necessary as money to a poor man—in fact, more so." *Id.* at 400. Some delegates thought the provision should be limited to heads of households, others to families of deceased debtors. *See id.* at 407–08. The important thing, for the purpose at hand, is to note that the debates were completely devoid of reference to corporate debtors, yet repeatedly referred to individual debtors. One delegate summarized the provision's intent:

> [T]he object contemplated by such a provision was a humane and charitable object. It was intended as a boon of charity by the law, and there is no doubt, in looking to this object, it is our duty so to provide as to prevent the greatest amount of suffering and want to the debtor, and those helpless ones who may be dependent on him, and at the same time work the least amount of evil to the creditor.

*Id.* at 408.

Our purpose in construing the statute in issue here is to ascertain and carry out the legislature's intent. *See Management Personnel Services, Inc. v. Sandefur,* 300 Md. 332, 341, 478 A.2d 310 (1984). A court's initial step is to examine the statute's language: if its meaning is clear, the court looks no further. *Id.* at 341, 478 A.2d 310. *See also Rome v. Lowenthal,* 290 Md. 33, 41, 428 A.2d 75, *cert. denied,* 300 Md. 153, 476 A.2d 722 (1981). But ambiguity between the language's plain meaning, the statute's context, and its legislative history sometimes necessitates looking elsewhere. As this court has indicated, "statutes are to

be read in such a way as to avoid unjust, illogical, absurd, or unreasonable consequences." *Kline v. Fuller*, 56 Md. App. 294, 309, 467 A.2d 786 (1983), *appeal after remand*, 64 Md.App. 375, 496 A.2d 325 (1985).

■ An exemption is a debtor's statutory privilege to retain a portion of his or her property free from a creditor's judicial seizure and sale. Exemptions protect debtors to the extent of ensuring that they are not completely deprived of their means of support: they protect the necessities by which to earn a living. As stated at 9A Am.Jur.2d *Bankruptcy* section 1098 (1991) (citations omitted),

An exemption statute is to be construed liberally for the benefit of the debtor and in favor of the debtor, so as to effect the statute's beneficial purposes. However, while it is legitimate to construe exemption provisions liberally and broadly in favor of the debtor, the legislation cannot be construed so broadly as, in effect, to create provisions more robust or more potent than those which the legislature intended, or to read into the law an exemption not found there. A court is limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace.

One text writer has commented that:

[T]he legislative exemption is the main base for debtor protection. The exemption is a legislative choice that the debtor should retain forms or amounts of property even at the creditor's expense. The rationale is usually a subsistence core to protect debtor and dependents. Avoidance of making the debtor a public charge is an overlapping theme. And, as the history and details of various statutory exemptions are examined, a strong theme of retaining the means to earn and hence repay come through.

Aaron, *Bankruptcy Law Fundamentals* § 7.01 (1991). *See also* 3 King, *Collier on Bankruptcy* § 522.05[3] (1992) ("right to claim exemptions belongs only to an individual debtor;" corporation may not claim exemptions).

Although Maryland's exemption statute does not define the term "debtor," its meaning in the context of exemption statutes in other jurisdictions is limited to natural persons, and not legal persons. We briefly discuss two examples.

In *Holloway v. Acadian News Agency, Inc.*, 488 So.2d 328 (La.App. 3d Cir.1986), the Court of Appeal of Louisiana upheld a trial court decision that a corporation cannot claim the benefit of Louisiana's "tools of trade" exemption, and opined:

> That the exemption applies to a natural person, and not a legal person, is clear from the language of the law and its purpose. To extend its application to business corporations would result in an absurdity, for all of the property of a business corporation might qualify as tools of trade, making none of its property subject to seizure for debts.

*Id.* at 331. The Louisiana statute in issue contained the following language:

> [T]he lessee shall be entitled to retain, out of the property subjected by law to the lessor's privilege, his clothes and linen, and those of his spouse and family, his bed, bedding and bedstead, and those of his spouse and family; his arms, military accoutrements, and the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family; one cooking stove and utensils of said stove; plates, dishes, knives, forks and spoons; all pots, pans and other cooking utensils; one dining table, and dining chairs necessary for himself and family.

La.Civ.Code Ann. art. 2705. *See also* La.Rev.Stat.Ann. § 13:3881(A)(2) (exempting from seizure the debtor's property "necessary to the exercise of a trade, calling, or profession by which he earns his livelihood.").

In *Canal–Randolph Anaheim, Inc. v. J.E. Wilkoski*, 103 Cal.App.3d 282, 163 Cal.Rptr. 30 (1980), the California Court of Appeal considered whether professional corporate entities are entitled to the benefits of California's exemption statute, and concluded that they are not, saying that "[l]ib-

eral construction may not be utilized to include within a statute that which the Legislature did not intend." *Id.* at 293, 163 Cal.Rptr. 30. The statute exempts from attachment or levy tools of a trade or calling, "and other personal property ordinarily and reasonably necessary to, and personally owned and used by, the debtor exclusively in the exercise of the trade, calling, or profession by which he earns his livelihood" up to a cash value of $2,500. *See* Cal.Civ.Proc.Code § 690.4.

Among other things, the court examined the statute's language and its meaning within the context of the statutory exemption scheme, and noted that the terminology connotes reference to individual persons, rather than corporations. *Id.* at 290, 163 Cal.Rptr. 30. *See also* Aaron, *supra,* § 7.01 ("Exemptions are available only to individual debtors. There is no such thing as an exemption for a corporate debtor.").

Our examination of Maryland's statute reveals that most of the things exempted ordinarily would be the possessions or entitlements of a natural person, among them:

(1) Wearing apparel, books, tools, instruments, or appliances ... necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

(2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings [including but] not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief....

(3) Professionally prescribed health aids for the debtor or any dependant of the debtor.

(4) The debtor's interest ... in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

Md.Cts. & Jud.Proc.Code Ann. § 11–504(b) (1989). Subsections (2), (3), and (4) plainly apply only to natural persons. As to subsection (1), the Louisiana court's rationale, *supra*, is compelling: if corporations were allowed to claim books, tools, instruments, or appliances necessary for practicing the trade or profession, all of a business' property would qualify, thereby rendering the statute absurd.

Although we find no case law directly on point, our survey of the cases touching on this statute reveals that the legislature's intent has been consistently construed as an effort to protect *individual* debtors and their dependants by enabling the debtor to pursue gainful employment, and thereby keep the wolf from the door. Nothing in the legislative history or in the case law suggests otherwise. *See In re Taylor*, 312 Md. 58, 59–60, 537 A.2d 1179 (1988) ("a person shall not be deprived of a fair opportunity to make an honest living so as not to be precluded from casting off the economic shackles with which his debts have bound him."). In that case, Judge Charles E. Orth, Jr., speaking for the Court of Appeals, stated:

> The exemption from execution on a judgment of tools and other items "necessary for the practice of any trade or profession" spelled out in § 11–504(b)(1) is only one facet of a comprehensive legislative scheme apparent for over a century to preclude an *individual* from being completely stripped of his property by execution of a judgment against him.

*Id.* at 63, 537 A.2d 1179 (emphasis added). As stated at 31 Am.Jur.2d. *Exemptions* section 251 (1989) (citations omitted), "[t]he nature of the right of exemption and its purpose make it clear that it is limited to a natural, rather than a legal, person. Accordingly, exemptions have not been extended to corporations, including professional corporations." We conclude, therefore, that the exemption statute must be construed as limited to natural persons.

JUDGMENT OF THE CIRCUIT COURT REVERSED; APPELLEE TO PAY THE COSTS.