**Animal Legal Defense Fund, Inc. and People For Animal Rights, Inc. v. The Institutional Animal Care and Use Committee of the University of Vermont and University of Vermont**

[616 A.2d 224]

No. 91-324

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned**

Opinion Filed August 28, 1992

134

*Timothy Moran*, Colchester, and *Steven M. Wise* of *Fraser & Wise, P.C.*, Boston, Massachusetts, for Plaintiffs-Appellees.

*Frederick S. Lane III* and *Ritchie E. Berger* of *Dinse, Erdmann & Clapp*, and *Francine Bazluke*, Associate General Counsel, University of Vermont, Burlington, for Defendants-Appellants.

**Gibson, J.** Defendants the University of Vermont (UVM) and the Institutional Animal Care and Use Committee (IACUC) appeal from the entry of summary judgment for the Animal Legal Defense Fund, Inc., and People for Animal Rights, Inc. The court declared that the IACUC is subject to Vermont's Open Meeting Law and Public Records Act and enjoined the IACUC from violating these acts. Following entry of the court's order, plaintiffs filed a motion to amend the judgment, requesting attorney's fees under the Public Records Act. The court granted the motion and awarded plaintiffs $3,713. We affirm.

The IACUC is a committee mandated by the federal Animal Welfare Act, 7 U.S.C. § 2143(b)(1), and the Health and Research Extension Act, 42 U.S.C. § 289d(b). The chief executive officer of each research institution must appoint such a committee as a condition of receiving federal funding. *Id.* § 289d(b)(1). The IACUC is charged with the duty of overseeing the institution's research practices with respect to pain to animals and the condition of animals within the institution, to ensure compliance with federal standards of care. 7 U.S.C. § 2143(b)(1).

Since 1985, plaintiffs have requested that the University of Vermont and the IACUC comply with the requirements of Vermont's Open Meeting Law, 1 V.S.A. §§ 310–314, and Public Records Act, 1 V.S.A. §§ 315–320. Plaintiffs assert that the IACUC has refused to announce its meetings properly, has refused the public access to its meetings, and has not made available the minutes of its meetings. Further, plaintiffs assert that the IACUC went into executive session without indicating the reason when a member of People for Animals Rights, Inc. appeared at a meeting.

Defendants argue that it was error for the trial court to conclude as a matter of law that (1) the Open Meeting Law applies

to the University, (2) the IACUC is a "committee of" the University with policymaking influence, and (3) the University is subject to the Public Records Act. Defendants also assert that it was an abuse of discretion to award attorney's fees in this case.

I.

We consider first defendants' contention that the trial court erred in granting summary judgment to plaintiffs on their claim that defendants violated the state's Open Meeting Law. To prevail on a motion for summary judgment, the moving party must establish that no genuine issue of material fact exists and that the motion rests on a theory that entitles the moving party to judgment as a matter of law. *Kelly v. Town of Barnard*, 155 Vt. 296, 299, 583 A.2d 614, 616 (1990). The parties agree that there is no dispute of material fact; therefore, the case will turn on questions of law.

In 1957, the Vermont Legislature enacted the Open Meeting Law. The Legislature's purpose was to "give meaning to Chapter I, Article 6 . . . of the Vermont Constitution." *Rowe v. Brown*, 157 Vt. 373, 377, 599 A.2d 333, 336 (1991). In a statement of guiding principles, the Legislature declared that public bodies "exist to aid in the conduct of the people's business and are accountable to them pursuant to Article VI of the Vermont constitution." 1 V.S.A. § 311(a). To effect that purpose, the Legislature announced that "[a]ll meetings of a public body are . . . open to the public at all times, except as provided in section 313 of this title." *Id.* § 312(a). Under the Open Meeting Law, a public body is defined as including "any board, council or commission of any . . . instrumentality of the state . . . or any committee" of a board, council or commission of an instrumentality of the state. *Id.* § 310(3).

In 1955, the Legislature amended the University's corporate charter and defined the University "as an instrumentality of the state [for the purpose of] providing public higher education." 1955, No. 66, § 1. As an instrumentality of the state, the University falls within the plain meaning of the term "public body" under 1 V.S.A. § 310(3). Defendants argue, however, that the Legislature exceeded its constitutional authority by

bringing the University of Vermont within the scope of the Open Meeting Law. Relying on this Court's opinion in *Doria v. University of Vermont*, 156 Vt. 114, 120, 589 A.2d 317, 320 (1991), defendants argue that UVM employees are not "officers of government" as provided by Chapter I, Article 6* of the Vermont Constitution and cannot be made accountable to the mandates of the Open Meeting Law because it seeks to give effect to Article 6. See 1 V.S.A. § 311(a).

In *Doria*, a political candidate appealed from the dismissal of his suit against the University, alleging that a poll conducted by one of its professors and his students violated his rights under Chapter I, Articles 6, 7 and 8 of the Vermont Constitution. We held that the appeal was moot but also stated that "[n]either the university nor its employees or officers are the 'officers of the government, whether legislative or executive,' as provided by Article 6." 156 Vt. at 120, 589 A.2d at 320. Aside from the factual distinctions between *Doria* and the present case, the quoted language does not prevent us from concluding that the University and its committees are subject to the Open Meeting Law.

■■  While Article 6 specifically refers to officers of government, this does not prevent the Legislature from holding public bodies, under the authority of officers of government, subject to the mandates of the Open Meeting Law. The University is a creation of the Legislature and utilizes substantial public funds appropriated annually by the Legislature. 1955, No. 66, § 1. Its trustees are identified and empowered by statute, and more than half the trustees are either elected by the Legislature or appointed by the Governor. *Id.* § 2. Its accounts are audited annually by the state auditor, 16 V.S.A. § 2281, and its land is exempt from taxation. 1955, No. 66, § 7. Further, the trustees must report annually to the Governor and General Assembly about work done in all departments of the University, and submit a complete financial report. 16 V.S.A. § 2536. There is ample evidence to support the superior court's conclusion

---

* Chapter I, Article 6 of the Vermont Constitution states: "That all power being originally inherent in and co[n]sequently derived from the people, therefore, all officers of government, whether legislative or executive, are their trustees and servants; and at all times, in a legal way, accountable to them."

that the officials of the University are "state-connected offi-
cials" and that their actions constitute "governmental actions."
*Sprague v. University of Vermont*, 661 F. Supp. 1132, 1138 (D.
Vt. 1987); see *Molesworth v. University of Vermont*, 147 Vt. 4,
6, 508 A.2d 722, 723 (1986) (University's determination of stu-
dent's residency status is governmental action reviewable in su-
perior court pursuant to V.R.C.P. 75). It would frustrate the
purpose of the Open Meeting Law for the Legislature to have
such authority over UVM, yet lack the authority to make its
officials answerable to the public through the Open Meeting
Law. We conclude that the Open Meeting Law is applicable to
the University of Vermont.

## II.

■ Defendants argue that the IACUC is not itself a public
body because it is not a "committee of" the University. Al-
though the IACUC must be appointed as a condition of the Uni-
versity's receiving federal funding, it does not follow that the
IACUC was established by the federal government rather than
by UVM. Congress may attach whatever conditions it deems
appropriate to the acceptance of its funds, but it has no power
to compel the acceptance of conditional funding by the Univer-
sity. See *Rosado v. Wyman*, 397 U.S. 397, 420 (1970).

■ The University chose to create the IACUC as a condi-
tion of receiving federal funds. The members of the IACUC are
appointed by the University's chief executive officer, 7 U.S.C.
§ 2143(b)(1), who is directly answerable to the Board of
Trustees, which in turn is entrusted with the entire manage-
ment and control of the University. 1955, No. 66, § 2. Conse-
quently, the IACUC exercises authority delegated to it in
significant part by the Board of Trustees. Further, the IACUC
files semiannual reports with the Office of the Provost and re-
ceives staff support from UVM's Office of Sponsored Programs.
University officials may review the actions of the IACUC and
reject research criteria accepted by the committee, and they
may replace members of the committee. The IACUC is answer-
able to, and thus a committee of, UVM.

Defendants maintain, however, that the IACUC is not a poli-
cymaking body and that its actions are merely administrative.

Section 312(g) of the Open Meeting Law provides that "[r]ou-tine day-to-day administrative matters that do not require ac-tion by the public body, may be conducted outside a duly warned meeting." 1 V.S.A. § 312(g). But the plain language of the Animal Welfare Act and Health and Research Extension Act endows the IACUC with considerable policymaking author-ity. The reports of the IACUC have a direct impact on the types and methods of animal research pursued at the institution, and the continued receipt of federal research funding is dependent upon favorable reports from the committee. 42 U.S.C. § 289d(d) (Director of National Institutes of Health has authority to sus-pend or revoke research grant and contract if conditions of ani-mal care, treatment, or use in institution receiving grant or contract do not meet established guidelines).

We do not rule herein that the Open Meeting Law applies to all boards or committees operating at UVM other than the IACUC. But as a committee of the University of Vermont that aids in the conduct of the people's business, the IACUC is sub-ject to the mandates of the Open Meeting Law.

## III.

Defendants contend that the trial court erred in ruling that the Public Records Act applies to the IACUC. The Vermont Public Records Act permits "[a]ny person" to "inspect or copy any public record or document of a public agency." 1 V.S.A. § 316(a). The policy behind this statute is to provide for "free and open examination of records consistent with Chapter I, Ar-ticle 6 of the Vermont Constitution." *Id.* § 315.

Section 317(a) defines "public agency" as "any agency, board, department, commission, committee, branch or authority of the state." A public agency must disclose all papers, staff reports or any other written or recorded matters produced or acquired in the course of its business. 1 V.S.A. §§ 317(b) & 318. The defini-tion of "public record" is limited only by specific enumerated exceptions. One of these exceptions is for "student records at educational institutions funded wholly or in part by state reve-nue." *Id.* § 317(b)(11).

140

■ As the United States District Court noted in *Sprague*, 661 F. Supp. at 1140, the existence of an exception for student records at educational institutions funded in part by the state is convincing evidence that the rule of disclosure applies to the University of Vermont. If the rule did not apply, there would be no need to carve out an exception for student records. Because the IACUC is a committee of the University of Vermont, we conclude that the IACUC is also subject to the mandates of the Public Records Act.

## IV.

■ Finally, defendants assert that the trial court abused its discretion in awarding attorney's fees to plaintiffs. The Public Records Act grants the court discretion in awarding reasonable attorney's fees and other litigation costs incurred in any case in which the complainant has substantially prevailed. 1 V.S.A. § 319(d). The Open Meeting Law has no comparable provision. To support a claim of abuse of discretion, a party must show that the court failed to exercise its discretion or that its discretion was exercised for reasons clearly untenable or to an extent clearly unreasonable. *Klein v. Klein*, 150 Vt. 466, 468–69, 555 A.2d 382, 384 (1988).

■■ Defendants make no showing that the trial court's award of attorney's fees was unreasonable or that the amount was excessive. Their only claim is that attorney's fees are not necessary to fulfill the policies of the Public Records Act. It was within the discretion of the trial court to award attorney's fees, and defendants have not shown that the court abused its discretion in awarding attorney's fees or that the award, which amounted to one-half of plaintiffs' requested fees, was unreasonable.

*Affirmed.*