*Davin v. Magida*, No. 193-4-14 Wncv (Teachout, J., January 5, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Washington Unit                                    Docket No. 193-4-14 Wncv

---

Davin vs. Magida et al

---

## ENTRY REGARDING MOTION

Count 1, Declaratory Judgment/Injunctive Relief (193-4-14 Wncv)
Count 2, Declaratory Judgment/Injunctive Relief (193-4-14 Wncv)

Title:           **Defendant's Motion for Summary Judgment** (Motion 6)
Filer:           Adrienne Magida and the U-32 School Board
Attorney:        Eric A. Johnson
Filed Date:      July 11, 2014

Response filed on 08/11/2014 by Attorney Andrew B. Delaney for Plaintiff
Response filed on 08/18/2014 by Attorney Eric A. Johnson for Defendant
Response filed on 08/25/2014 by Attorney Andrew B. Delaney for Plaintiff
Response filed on 08/27/2014 by Attorney Eric A. Johnson for Defendant

**The motion is GRANTED IN PART.**

In this case Plaintiff seeks a declaratory judgment that Defendant Chair of the U-32 School Board and the entire School Board violated his right under the Open Meeting Law to speak at Board meetings, and an injunction enjoining the Board from refusing to allow him to speak at future meetings. He seeks to speak on the subject of whether student data is sufficiently secure where it is currently being stored, which is at a facility in Minnesota.

A request for a preliminary injunction was denied in a ruling issued July 8, 2014 on the grounds that the Board had "indicated" it would allow Plaintiff to speak at meetings and that therefore Plaintiff could not "show any irreparable harm during the pendency of this case."

Defendant now relies on that ruling in seeking summary judgment on the grounds that Plaintiff cannot show irreparable harm and therefore cannot prove grounds for injunctive relief.

The Complaint was entitled "Verified Complaint for Declaratory Judgment and Injunctive Relief" and sought as forms of relief: "injunctive relief allowing him to speak during the appropriate section of public meetings of the U-32 school board and its committees; reasonable attorney's fees within the Court's discretion; costs of suit; and "other and further relief as the Court may deem proper."

The case was filed in April of 2014. Defendant filed the motion for summary judgment on July 11, 2014. On August 18, 2014, attached to a reply to Plaintiff's opposition to Defendant's motion for summary judgment was an affidavit dated August 15, 2014 in which the Chair of the School Board stated, "The U-32 Schoolboard will let James R. Davin speak at U-32 Schoolboard meetings as allowed by law." There apparently was no such clear statement prior to this date.

Prior to August 18, 2014, there was no reliable, factual basis on which the court could conclude that the request for injunctive relief as a *final* matter, rather than as a temporary matter, was moot. Up until August 18, 2014, there had only been an "indication" that Plaintiff would be allowed to speak at public meetings. Plaintiff mistrusted this "indication" based on his experience. It was not until August 18, 2014, as a result of the filing of the affidavit, that the fact became established, and therefore undisputed, that Plaintiff would reliably be allowed to speak at public meetings in the unlimited future as allowed by law. As of that date, the Plaintiff can no longer show either irreparable harm or a dispute of material fact on the element of irreparable harm. Therefore the motion for summary judgment is granted with respect to the request for a final order for injunctive relief.[1]

That does not dispose of the entire lawsuit, however. Plaintiff requested, as a basis for the request for injunctive relief, a declaration that the Defendant violated his right to speak at the meeting held on March 5, 2014, and requested costs and attorneys' fees. Defendant's motion does not address either the facts or the law with respect to this aspect of the case.

The fact of whether Plaintiff would be allowed to speak at meetings as required by law did not become an undisputed fact until August of 2014, four months after the suit was filed and over a month after Defendant's motion for summary judgment was filed. While Plaintiff's request for prospective relief is now moot, this record suggests that there were justifiable grounds for bringing it in the first place, and that therefore Plaintiff has substantially prevailed. He would therefore be entitled to costs.

Plaintiff also seeks attorneys' fees. Defendant argues that although under an amendment of the law that went into effect on July 1, 2014, attorneys' fees could be available, they are not allowable under the statute in effect at the time of the meeting on March 5, 2014. In response, Plaintiff cites *Animal Legal Defense Fund, Inc. v. Institutional Animal Care and Use Committee of University of Vermont,* 159 Vt. 133 (1992) for the holding that under prior law, allowance of attorneys' fees was within the court's discretion. The statute that went into effect on July 1, 2014, clarified the circumstances under which attorneys' fees are allowable: they would be allowed if the public body fails to cure a violation after notice on specified terms of procedure. 1 V.S.A. Sec. 314(d). It is not clear that the cure required by the new statute occurred.

---

[1] Plaintiff argues in his memo that he should be entitled to seek damages, but the complaint made no request for damages—only declaratory relief, injunctive relief, and costs and attorneys' fees. The "other relief" clause in the prayer for relief is not sufficient to put a defendant on notice of a claim for money damages. Therefore, there is no basis for money damages.

Thus, attorneys' fees may be awarded as a discretionary matter under *Animal Legal Defense Fund, Inc.* The purpose of attorneys' fees is grounded in reasonable policy considerations: to provide a disincentive for public bodies from curtailing citizens from exercising their rights, and to enable citizens to obtain relief from improper curtailment of basic rights of citizens without having to incur personal cost. The court cannot conclude that no attorneys' fees are warranted in this case. Therefore, a hearing will be scheduled on the request for attorneys' fees. In deciding whether to allow them or not, it would make sense to apply the terms of 1 V.S.A. Sec. 314 that went into effect on July 1, 2014, because although they were not yet effective as a matter of law, they were known to the parties and provide a reasonable basis for the exercise of the court's discretion.

Plaintiff shall, within 15 days, submit a written request for fees, specifically describing the work performed for which fees are requested and related time and billing records. Defendant shall have 15 days thereafter to file any objection to either the award of fees or the amount. The court will then schedule a hearing on the issue.

The court is aware that there are pending motions related to discovery. These are now all moot based on this ruling.

Electronically signed on January 05, 2015 at 10:56 AM pursuant to V.R.E.F. 7(d).

_____
Mary Miles Teachout
Superior Court Judge

Notifications:
Andrew B. Delaney (ERN 3561), Attorney for Plaintiff James R. Davin
Julia S. Flores (ERN 3750), Attorney for Defendant
Eric A. Johnson (ERN 1608), Attorney for Defendant