*Davin v. Magida*, No. 193-3-14 Wncv (Teachout, J., May 5, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 193-3-14 Wncv** |

**James R. Davin**
    **Plaintiff**

    **v.**

**Adrienne Magida, in her capacity as**
**Chair of the U-32 School Board and the**
**U-32 School Board**
    **Defendants**

### DECISION
### The Board's Motion for Clarification and/or Reconsideration, filed January 20, 2015
### Mr. Davin's Request for Fees, filed January 26, 2015

Mr. Davin, a member of the public, alleged in this suit that the U-32 School Board unlawfully restricted his right to speak, 1 V.S.A. § 312(h) (2013), at one of its meetings. In the complaint, he sought injunctive relief prospectively protecting his right to express himself according to the law at Board meetings. He also sought attorney fees.

The court relied on the representation by counsel for the Board that the Board would allow Mr. Davin to speak at future meetings and denied Mr. Davin's request for a preliminary injunction. Ruling on Motion for Preliminary Injunction 2 (filed July 8, 2014).

The court subsequently relied on an affidavit by the Board's chair to the same effect and denied Mr. Davin's request for a permanent injunction. Entry Regarding Motion 2 (filed Jan. 5, 2015). In that decision, the court also determined that Mr. Davin had substantially prevailed, in that his right to speak at school board meetings had been in controversy and now was resolved in his favor, and that therefore he was entitled to costs. The court also concluded that it had discretion to award attorney fees. It invited Mr. Davin to submit a request for fees.

Following the January 5 decision, Mr. Davin submitted a request for fees and the Board sought reconsideration of the court's conclusion that Mr. Davin had substantially prevailed and has a right to attorney fees.

For purposes of costs, the court affirms its determination that Mr. Davin has substantially prevailed. This case never progressed to a finding on what occurred at the disputed meeting and whether the Board ever violated Vermont's open meeting law, 1 V.S.A. §§ 315–320. Mr. Davin sought injunctive relief to protect his right to express himself. Injunctive relief was denied, but the denial was predicated on the Board's assurances that it would obey the law. In other words, the Board voluntarily gave Mr. Davin what he wanted without the need for compulsion by the court. He prevailed.

The court has reconsidered its determination on legal fees, however. The recent amendments to Vermont's open meeting law, 2013, No. 143 (Adj. Sess.), include a limited right to attorney fees. 1 V.S.A. § 314(d) (as amended). There was no statutory basis for attorney fees at the time of the disputed meeting in this case or when this case was filed. Plaintiff claimed a right to attorney fees based on *Animal Legal Defense Fund, Inc. v. The Institutional Animal Care and Use Committee of the Univ. of Vt.*, 159 Vt. 133 (1992). In its January 5 decision, the court relied on *Animal Legal Defense Fund* for the conclusion that it had discretion to award fees in this case. On further review, it is clear that there were both open meeting and public records disputes in that case. The Supreme Court noted that fees were available under the Public Records Act and that, at the time, "[t]he Open Meeting Law has no comparable provision." *Id.* at 140. The court regrets that it relied on this case in error.

Mr. Davin has subsequently sought fees as an exception to the American Rule for cases of bad faith or vexatious litigation. See *Cameron v. Burke*, 153 Vt. 565, 576 (1990) ("Exceptional cases include instances where a litigant acts 'in bad faith' or 'vexatiously' and where a litigant's conduct is 'unreasonably obdurate or obstinate.'" (citation omitted)). This case does not reasonably fall within the exception.

To the extent that either of the parties at this point maintains that the issue of declaratory relief remains in the case to be resolved, the court clarifies that the matter of declaratory relief is moot and there is no basis for further action in the case. Mr. Davin, in the complaint, did not seek a declaration of his rights or the Board's obligations except, by implication, as a predicate for injunctive relief. With the issue of injunctive relief resolved, there is no purpose to declaratory relief.


## ORDER

For the foregoing reasons, the court reconsiders and clarifies its decision of January 5 as follows: (1) Mr. Davin has substantially prevailed and is entitled to costs; (2) Mr. Davin is not entitled to attorney fees; and (3) any request for declaratory relief is denied as moot.

Mr. Davin's Request for Fees is denied.

Dated at Montpelier, Vermont this 5th day of May 2015.


_____
Mary Miles Teachout
Superior Judge

2